Michael Faillace
Michael Faillace Esq.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

ADA SOTO (A.K.A. YURI), *individually and on behalf of others similarly situated,*

                            *Plaintiff,*

-against-

219 DOMINICAN VALLE CORP. (d/b/a MESON RESTAURANT), MAFARDA GONZALEZ  and ORLANDO VASQUEZ

                            *Defendants.*

-------------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**


Plaintiff Ada Soto (a.k.a. Yuri) ("Plaintiff Soto" or "Ms. Soto"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace Esq., alleges upon information and belief, and as against each of Defendants 219 Dominican Valle Corp. (d/b/a Meson Restaurant) ("Defendant Corporation"), Mafarda Gonzalez and Orlando Vasquez ("Individual Defendants"), (collectively, "Defendants"), as follows:

## NATURE OF ACTION

1.      Plaintiff Soto is a former employee of Defendants 219 Dominican Valle Inc. (d/b/a Meson Restaurant ("Defendant Corporation"), Mafarda Gonzalez and Orlando Vasquez.

2.  Meson Restaurant  is a Caribbean restaurant owned by Mafarda Gonzalez and Orlando Vasquez located at 3815 White Plains Rd., Bronx, New York 10467.

3.  Upon information and belief, Defendants Mafarda Gonzalez  and Orlando Vasquez serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate or operated the Caribbean restaurant.

4.  Plaintiff Soto is a former employee of Defendants.

5.  Plaintiff Soto was ostensibly employed as a waitress, but she was required to spend several hours each day performing non-tipped duties unrelated to waitressing, including cleaning and washing utensils, cashiering and cleaning the entire restaurant (hereinafter non-tip/non-delivery duties).

6.  At all times relevant to this Complaint, Plaintiff Soto worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage, overtime and spread of hours compensation for the hours that she worked.

7.  Rather, Defendants failed to maintain accurate recordkeeping of her hours worked, failed to pay Plaintiff Soto the applicable minimum wage, and failed to pay her appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8.   Further, Defendants failed to pay Plaintiff Soto the required "spread of hours" pay for any day in which she had to work over 10 hours a day.

9.  Furthermore, Defendants repeatedly failed to pay Plaintiff Soto wages on a timely basis.

2

10. Defendants employed and accounted for Plaintiff Soto as a waitress in their payroll, but in actuality her duties included greater or equal time spent performing the non-delivery, non-tipped functions such as those alleged above.

11. At all times, regardless of duties, Defendants paid Plaintiff Soto and all other waitresses at a rate that was lower than the required tip-credited rate.

12. However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Soto's non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. § 146).

13. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Soto's actual duties in payroll records to avoid paying Plaintiff Soto at the minimum wage rate and to enable them to pay Plaintiff Soto at the lower tip-credited rate (which they still failed to pay) by designating her as a waitress instead of a non-tipped employee.

14. Defendants' conduct extended beyond Plaintiff Soto to all other similarly situated employees.

15. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Soto and other employees to work in excess of forty (40) hours per week without providing them the minimum wage or overtime compensation required by federal and state law and regulations.

16. Plaintiff Soto now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage

3

orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

17. Plaintiff Soto seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

18. Plaintiff Soto also seeks to recover backpay and damages for violations of her rights under the New York State Executive Law, §290 et seq. (the "New York Human Rights Law"), and the Administrative Code of the City of New York, §8-107 et seq. (the "New York City Human Rights Law").

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Soto's state law claims is conferred by 28 U.S.C. § 1367(a).

20. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Soto was employed by Defendants in this district.

## PARTIES

*Plaintiff*

21. Plaintiff Soto is an adult individual residing in Bronx County, New York.

22.     Plaintiff Soto was employed by Defendants from approximately December 18, 2023 until on or about November 6, 2024 at Meson Restaurant.

23.     Plaintiff Soto consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

24.     At all times relevant to this complaint, Defendants owned, operated, and/or controlled a Caribbean restaurant located at 3815 White Plains Rd., Bronx, New York 10467 under the name Meson Restaurant.

25.     Upon information and belief, 219 Dominican Valle Corp. (d/b/a Meson Restaurant) is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 3815 White Plains Rd., Bronx, New York 10467.

26.     Defendant Mafarda Gonzalez is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Mafarda Gonzalez is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Mafarda Gonzalez  possessed operational control over Defendant Corporation, had an ownership interest in Defendant Corporation, and/or controlled significant functions of Defendant Corporation. She determined the wages and compensation of the employees of Defendants, including Plaintiff Soto, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

5

27.    Defendant Orlando Vasquez is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.  Defendant Orlando Vasquez is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Orlando Vasquez possesses or possessed operational control over Defendant Corporation, had an ownership interest in Defendant Corporation, and/or controlled significant functions of Defendant Corporation.   He determined the wages and compensation of the employees of Defendants, including Plaintiff Soto, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

28.     Defendants operate a Caribbean restaurant located in the Williams Bridge section of the Bronx.

29.    Individual Defendants Mafarda Gonzalez  and Orlando Vasquez possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

30.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

31.    Each Defendant possessed substantial control over Plaintiff Soto's (and other similarly situated employees') working conditions, and over the policies and practices with

6

respect to the employment and compensation of Plaintiff Soto, and all similarly situated individuals, referred to herein.

32. Defendants jointly employed Plaintiff Soto, and all similarly situated individuals, and are Plaintiff Soto's (and all similarly situated individuals) employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

33. In the alternative, Defendants constitute a single employer of Plaintiff Soto and/or similarly situated individuals.

34. Upon information and belief, individual defendants Mafarda Gonzalez and Orlando Vasquez, operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as a legal entity separate and apart from themselves by, among other things:

(a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b) defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e) operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)    intermingling assets and debts of their own with those of Defendant Corporation;

(g)    diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h)    other actions evincing a failure to adhere to the corporate form.

35.    At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

36.    Defendants had the power to hire and fire Plaintiff Soto, controlled the terms and conditions of her employment, and determined the rate and method of any compensation in exchange for Plaintiff Soto's services.

37.    In each year from 2023 to 2024 , Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.    In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the Caribbean restaurant s on a daily basis, such as sodas and beer, were produced outside of the State of New York.

*Individual Plaintiff*

39.    Plaintiff Soto is a former employee of Defendants, ostensibly employed as a waitress, but who spent more than two hours a day performing the non-waitress non-tip duties outlined above.

8

40.    Plaintiff Soto seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Ada Soto (a.k.a. Yuri)*

41.    Plaintiff Soto was employed by Defendants from approximately December 18, 2023 until November 6, 2024 at Meson Restaurant.

42.    At all times relevant to this Complaint, Plaintiff Soto ostensibly was employed by Defendants as a waitress.  However, Plaintiff Soto spent more than two hours of each work day performing the non-waitressing, non-tip duties outlined above.

43.    Plaintiff Soto regularly handled goods in interstate commerce, such as beers and sodas produced outside of the State of New York.

44.    Plaintiff Soto's work duties required neither discretion nor independent judgment.

45.    Throughout her employment with Defendants, Plaintiff Soto regularly worked in excess of 40 hours per week.

46.    From approximately December 18, 2023 until on or about May 2024, Plaintiff Soto worked approximately 12 to 14 hours a day six or seven days a week (typically 72 to 98 hours per week).

47.    From approximately May 2024 until on or about October 2024, Plaintiff Soto worked approximately 14 hours on Saturdays and Sundays and 12 hours on Mondays, Tuesdays, Wednesdays and Fridays two weeks per month(typically 76 hours per week).

48.    From approximately May 2024 until on or about October 2024, Plaintiff Soto worked approximately 14 hours on Saturdays and Sundays, 12 hours on Mondays, Tuesdays,

Wednesdays and Fridays and 8 hours on Thursdays two weeks per month(typically 84 hours per week).

49. From approximately mid-October 2024 until on or about November 2024, Plaintiff Soto worked from approximately 8:00 a.m. until on or about 4:00 p.m. Mondays, Tuesdays, Wednesdays  and Sundays ( typically 28 hours per week).

50. Throughout her employment with defendants, Plaintiff Soto was paid her wages in cash.

51. From approximately December 18, 2023 until on or about December  2024, Plaintiff Soto was told that she was paid $11 per hour;  however, she only was paid $500 to $600 per week, which resulted in  a much lower hourly pay.

52. Plaintiff Soto's wages did not vary regardless of how many additional hours she worked in a day or week.

53. Specifically, every day, Defendants required Plaintiff Soto to work one hour  past her scheduled departure time and did not pay her any additional compensation for the additional time she worked.

54. Defendants did not grant Plaintiff Soto any breaks or meal periods of any kind.

55. Plaintiff Soto was never notified by Defendants that her tips would be included as an offset for wages.

56. Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Soto's wages.

57. Defendants did not provide Plaintiff Soto with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

58.    Plaintiff Soto was not required to keep track of her time, nor to her knowledge did the Defendants utilize any time tracking device, such as punch cards, that accurately reflected her actual hours worked.

59.    Defendants never provided Plaintiff Soto with a written notice, in English and in Spanish (Plaintiff Soto's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

60.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Soto regarding overtime and wages under the FLSA and NYLL.

*Pregnancy Discrimination*

61.    On or about the last week of August 2024, Plaintiff Soto started bleeding at work due to her pregnancy; She sat down while she waited for the bleeding to stop and Defendant Mafarda Gonzalez, aware that Plaintiff Soto was pregnant,  screamed at her that she was not paying her to be seated at the job.

62.    As a result of this bleeding emergency, Plaintiff Soto had to go to the emergency in the local hospital and Defendants refused to  pay her for any of the medical exams and services she had to go through.

63.    Defendants subjected Plaintiff Soto to further pregnancy discrimination by cutting down her work hours considerably;  specifically, Plaintiff Soto requested for a reduction of only one day of work as an accommodation to her pregnancy, and Defendants reduced her work schedule by two days.

11

64.    In addition, Mafarda Gonzalez also engaged in harassing  Plaintiff Soto by constantly making derogatory remarks about her pregnancy;  for example, Defendant Gonzalez commented in front of all the other workers that Plaintiff Soto had tied herself down by getting pregnant.

65.    Furthermore, Defendants have refused to pay Plaintiff Soto for the time she has had to miss work due to her pregnancy complications, thus terminating Plaintiff Soto because of her pregnancy .

*Defendants' General Employment Practices*

66.    Defendants regularly required Plaintiff Soto to work in excess of forty (40) hours per week without paying her the proper minimum wage, spread of hours pay,  and overtime compensation as required by federal and state laws.

67.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Soto (and all similarly situated employees) to work in excess of forty (40) hours per week without paying them appropriate minimum wage, spread of hours pay, and/or overtime compensation, as required by federal and state laws.

68.    At no time did Defendants inform Plaintiff Soto that they had reduced her hourly wage by a tip allowance.

69.    Defendants required Plaintiff Soto, and all other waitresses, to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as waitresses.

70.    Plaintiff Soto and all other similarly situated employees, were employed ostensibly as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-tipped duties.

71.    Plaintiff Soto and all other waitresses were paid at a rate that was lower than the required tip-credited rate by Defendants; however, under state law Defendants were not entitled to a tip credit because Plaintiff Soto's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

72.    New York State regulations provide that an employee cannot be classified as a tipped employee "on any day . . . in which he has been assigned to work in an occupation in which tips are not customarily received."  (12 N.Y.C.R.R. §§137-3.3 and 137-3.4).  Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

73.    Plaintiff Soto's duties were not incidental to her occupation as waitress, but instead constituted entirely unrelated general restaurant work with duties including the non-tipped duties described above.

74.    In violation of federal and state law as codified above, Defendants classified Plaintiff Soto and other waitresses as tipped employees but did not even pay them at the required tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

75.    Defendants' pay practices resulted in Plaintiff Soto not receiving payment for all her hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum and overtime wage rate.

76.    Plaintiff Soto was paid her wages entirely in cash.

77.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

78.    By employing these practices, Defendants avoided paying Plaintiff Soto the minimum wage for her regular hours and overtime compensation of time and a half for all of her hours worked in excess of forty (40) hours per week.

79.    Defendants failed to post required wage and hour posters in the Caribbean restaurant, and did not provide Plaintiff Soto with statutorily required wage and hour records or statements of her pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Soto's relative lack of sophistication in wage and hour laws.

80.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Soto (and similarly situated individuals) worked, and to avoid paying Plaintiff Soto properly for (1) her full hours worked, (2) minimum wage, (3) overtime wages  and (4) spread of hours pay.

81.    Defendants failed to provide Plaintiff Soto  and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or

14

rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

82.     Defendants failed to provide Plaintiff Soto  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

83.     Plaintiff Soto brings her FLSA overtime wages and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b) on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in her case (the "FLSA Class Period"), as employees of 219 Dominican Valle and its individual owners ("the FLSA class").

84.     At all relevant times, Plaintiff Soto  and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs,

procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay of one and one-half times her regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiff Soto's wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

85.     The claims of Plaintiff Soto stated herein are similar to those of the other employees.

**<u>FIRST CAUSE OF ACTION</u>**
**VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS**

86.     Plaintiff Soto repeats and realleges all paragraphs above as though fully set forth herein.

87.     At all times relevant to this action, Defendants were Plaintiff Soto's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Soto (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

88.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

89.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

90.     Defendants failed to pay Plaintiff Soto (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

91.    Defendants' failure to pay Plaintiff Soto (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

92.    Plaintiff Soto (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FLSA OVERTIME PROVISIONS

93.    Plaintiff Soto repeats and realleges all paragraphs above as though fully set forth herein.

94.    At all times relevant to this action, Defendants were Plaintiff Soto's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Soto (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for her employment.

95.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

96.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

97.    Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Soto (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

98.    Defendants' failure to pay Plaintiff Soto (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

17

99.    Plaintiff Soto (and the FLSA Class members) has been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

100.    Plaintiff Soto repeats and realleges all paragraphs above as though fully set forth herein.

101.    At all times relevant to this action, Defendants were Plaintiff Soto's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Soto (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

102.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Soto (and the FLSA Class members) less than the minimum wage.

103.    Defendants' failure to pay Plaintiff Soto (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

104.    Plaintiff Soto (and the FLSA Class Members) was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK STATE LABOR LAW'S OVERTIME PROVISIONS

105.    Plaintiff Soto repeats and realleges all paragraphs above as though fully set forth herein.

18

106. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Soto (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

107. Defendants failed to pay Plaintiff Soto (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

108. Defendants' failure to pay Plaintiff Soto (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

109. Plaintiff Soto (and the FLSA Class Members) was damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR

110. Plaintiff Soto repeats and realleges all paragraphs above as though fully set forth herein.

111. Defendants failed to pay Plaintiff Soto one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Soto's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

112. Defendants' failure to pay Plaintiff Soto an additional hour's pay for each day Plaintiff Soto's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

113. Plaintiff Soto was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

114.   Plaintiff Soto repeats and realleges all paragraphs above as though fully set forth herein.

115.   Defendants failed to provide Plaintiff Soto with a written notice, in English and in Spanish (Plaintiff Soto's primary language), of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).

116.   Defendants are liable to Plaintiff Soto in the amount of $5,000, together with costs and attorney's fees.

## SEVENTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

117.   Plaintiff Soto repeats and realleges all paragraphs above as though set forth fully herein.

118.   Defendants did not provide Plaintiff Soto with a statement of wages with each payment of wages, as required by NYLL 195(3).

119.   Defendants are liable to Plaintiff Soto in the amount of $5,000, together with costs and attorney's fees.

## EIGHTH CAUSE OF ACTION
### VIOLATION OF THE TIMELY PAYMENT PROVISIONS OF THE NYLL

120.   Plaintiff Soto repeats and realleges all paragraphs above as though fully set forth herein.

121.    At all relevant times, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

122.    Defendants failed to pay Plaintiff in a timely fashion, as required by NYLL § 191.

123.    Defendants failing to pay Plaintiff in a timely fashion was done knowingly and intentionally.

124.    Plaintiff Soto was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

125.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

126.    Defendants are an employer within the meaning of the New York State Human Rights Law.

127.    Defendants wrongfully discriminated against Plaintiff Soto because of her pregnancy , contrary to the New York Human Rights Law, N.Y. Exec. L. § 296.

128.    In discriminating again Plaintiff Soto because of her pregnancy , Defendants and their agents and employees knew and acted in deliberate disregard of Plaintiff Soto's lawful civil rights.

129.    Plaintiff has been damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

130.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

21

131.    Defendants are an employer within the meaning of the New York City Human Rights Law.

132.    Defendants wrongfully discriminated against Plaintiff Soto because of her pregnancy, contrary to the New York City Human Rights Law, N.Y.C.A.C. § 8-107.

133.    In discriminating against Plaintiff Soto because of her pregnancy, Defendants and their agents and employees knew and acted in deliberate disregard of Plaintiff Soto's lawful civil rights.

134.    Plaintiff has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Soto respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be FLSA class members in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Soto  and the FLSA class members

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Soto  and the FLSA class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and

associated rules and regulations under, the FLSA with respect to Plaintiff Soto , and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Soto and the FLSA class members;

(f)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Soto and the members of the FLSA Class

(g)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Soto and the members of the FLSA Class;

(h)    Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Soto ;

(i)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Soto and the members of the FLSA Class;

(j)    Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Soto , and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(k)    Declaring that Defendants' violations of the New York Labor Law and spread of hours wage order were willful as to Plaintiff Soto and the FLSA Class members;

(l)    Awarding Plaintiff Soto and the FLSA class members damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(m)    Awarding Plaintiff Soto damages for Defendants' violation of the NYLL notice

23

and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)    Awarding Plaintiff Soto and the FLSA class members damages for Defendants' failure to pay Plaintiff in a timely fashion, as required by NYLL § 191;

(o)    Awarding Plaintiff Soto and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(p)    Declaring that Defendants' violations of the NYLL was willful as to Plaintiff Soto and the FLSA class members;

(q)    Awarding Plaintiff Soto and the FLSA class members pre-judgment and post-judgment interest as applicable;

(r)    Awarding Plaintiff Soto and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(s)    Awarding Plaintiff Soto compensatory damages and all other appropriate relief under the NYHRL,

(t)    Awarding Plaintiff Soto compensatory damages, punitive damages, attorneys' fees, and all other appropriate relief under the NYCHRL,

(u)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(v)    All such other and further relief as the Court deems just and proper.

Dated: New York, New York

24

February 25, 2025

MICHAEL FAILLACE Esq.


      /s/ *Michael Faillace.*

By:    Michael A. Faillace
       60 East 42nd Street, Suite 4510
       New York, New York 10165
       (212) 317-1200
       *Attorneys for Plaintiff*